IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DIANNE FRYER and** <br> **RONALD CAESAR,** <br><br> Plaintiffs, <br><br> v. <br><br> **FARMERS INSURANCE GROUP,** <br> **et al.,** <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )     Case No. 2:24-cv-583-MHT-CWB <br> ) <br> ) <br> ) <br> ) <br> ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

The undersigned Magistrate Judge has separately recommended that the motion to dismiss filed by Jacob Janes be granted and that the motion to remand filed by Plaintiffs be denied. (*See* Doc. 29). With federal jurisdiction having been so confirmed, the motion to dismiss filed on behalf of Farmers Insurance Group (*see* Doc. 9) and the partial motion to dismiss filed on behalf of Foremost Insurance Company Grand Rapids, Michigan (Doc. 10) are ripe for determination. As set out below in detail, the Magistrate Judge concludes that both motions are due to be granted.

**I.     Background**

This action arises out of a fire loss occurring at residential real property owned by Plaintiffs. (*See* Doc. 1-2 at p. 4). Plaintiffs allege that the property was insured under a policy of insurance sold by Farmers Insurance Group and Foremost Insurance Company Grand Rapids, Michigan. (*Id*. at p. 1). Plaintiffs further allege that their insurance claim for the fire loss was denied due to improper handling by Jacob Janes. (*Id*.). Plaintiffs thus seek recovery against all defendants under theories of breach of contract, bad faith failure to pay, bad faith failure to investigate, and negligent/wanton failure to train and supervise. (*Id*. at pp. 4-8).

1

## II. Legal Standard

To survive a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, a plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 570 (2007).  The standard was refined in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), as follows:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

*Iqbal*, 556 U.S. at 678-79 (citations and internal edits omitted).

The *Twombly-Iqbal* two-step analysis begins "by identifying the allegations in the complaint that are not entitled to the assumption of truth" because they are conclusory.  *Id.* at 680; *Mamani v. Berzain*, 654 F. 3d 1148, 1153 (11th Cir. 2011) ("Following the Supreme Court's approach in *Iqbal*, we begin by identifying conclusory allegations in the Complaint.").  After conclusory statements are set aside, the *Twombly-Iqbal* analysis requires the court to assume the veracity of well-pleaded factual allegations and then to determine whether they "possess enough heft to set forth 'a plausible entitlement to relief.'"  *Mack v. City of High Springs*, 486 F. App'x 3, 6 (11th Cir. 2012) (citation omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter … that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citations omitted).  Again, facial

2

plausibility requires more than stating facts that establish a mere possibility. *See Mamani*, 654 F. 3d at 1156 ("The possibility that – *if* even a possibility has been alleged effectively – these defendants acted unlawfully is not enough for a plausible claim.") (emphasis in original). Plaintiffs instead must "allege more by way of factual content to nudge [their] claim[s] … across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 683 (internal editing and citation omitted).

In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000); *see also Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) ("[A] court may consider a document attached to a motion to dismiss ... if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context, 'undisputed' means that the authenticity of the document is not challenged. ... [A] document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement[.]") (citation omitted); Fed. R. Civ. P. 10(c).

The court must accept all of the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). And the court "presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). The court need not, however, accept as true any legal conclusions couched in the form of factual allegations. *See Diverse Power, Inc. v. City of LaGrange, Georgia*, 934 F.3d 1270, 1273 (11th Cir. 2019) (citing *Twombly*, 550 U.S. at 555).

3

**III.   Discussion**

    **A.   Foremost Insurance Company Grand Rapids, Michigan**

Foremost Insurance Company Grand Rapids, Michigan seeks dismissal of the claim asserted against it in Count Four for "Negligent/Wanton Failure to Train and Supervise." (*See* Doc. 10).  According to Foremost, "no such cause of action exists in Alabama."  (*Id*. at p. 2).  Foremost is correct.

> Count Four of the Complaint contains the following allegations:
>
> 26.    Plaintiffs adopt and reallege each paragraph herein above as if set out in full hereafter.
>
> 27.    Defendants … had a duty to train and properly supervise [their] agents and employees to properly review and complete claims investigations.
>
> 28.    Defendants … breached their duty when they failed to properly train their employees regarding investigations and basis of claims denials.
>
> 29.    As a proximate result of Defendants['] … negligent and/or wanton failure to train their employees, including, but not limited to Jacob Janes …, the Plaintiffs have losses for which they have not been compensated.
>
> WHEREFORE, Plaintiffs demand compensatory damages and punitive damages in amounts to be determined by a jury together with such other and further relief [as] this Court deems appropriate.

(Doc. 1-2 at p. 8).  It is clear from those allegations that Plaintiffs are predicating their theory of recovery in Count Four upon underlying errors by Jacob Janes and/or other employees in the handling and denial of Plaintiffs' insurance claim.  But "[t]he Alabama Supreme Court 'has consistently refused to recognize a cause of action for the negligent handling of insurance claims, and it will not recognize a cause of action for alleged wanton handling of insurance claims.'" *Rivers v. Liberty Mut. Ins.*, No. 2:19-cv-1092, 2020 WL 6395452, at *4 (M.D. Ala. Nov. 2, 2020) (dismissing negligence and wantonness claims with prejudice) (citing *Kervin v. S. Guar. Ins. Co.*,

4

667 So. 2d 704, 706 (Ala. 1995)); *see also Haddox v. Teachers Ins. Co.*, No. 2:18-cv-662, 2016 WL 7568369, at *4 (M.D. Ala. Dec. 14, 20214) (same).

Without an actionable common law tort against one for whom it was responsible, Foremost cannot be held liable for any alleged negligent/wanton failure to train and supervise. *See Rivers*, 2020 WL 6395452 at *3 ("The allegations of the complaint are plainly insufficient to state a plausible claim of negligent or wanton hiring, supervision, or training" when "the complaint does not plausibly plead that Liberty's employee committed a tort in denying Rivers's claim.") (citing *Edwards v. Hyundai Motor Mfg. Ala., LLC*, 603 F. Supp. 2d 1336, 1357 (M.D. Ala. 2009) ("To support a claim of negligent supervision, the plaintiff must demonstrate that … the employee committed a tort recognized under Alabama law.") (citation omitted); *Collins v. BSI Fin. Servs.*, No. 2:16-cv-262, 2016 WL 6776284, at *10 (M.D. Ala. Nov. 15, 2016) (same); *Haddix*, 2018 WL 7568369 at * 5 ("This conclusion that no duty is owed to Plaintiff by NEFCO and Williams also disposes of her claims for negligent hiring, negligent inspection, and wantonness."); *see also Thrasher v. Ivan Leonard Chevrolet, Inc.*, 195 F. Supp. 2d 1314, 1320 (N.D. Ala. 2002) ("In order to establish a claim for negligent ... training ..., the plaintiff must establish that the allegedly incompetent employee committed a common-law, Alabama tort."). Accordingly, Count Four fails to state a claim against Foremost upon which any relief can be granted.

B. **Farmers Insurance Group**

Farmers Insurance Group seeks dismissal on grounds that it merely "is a service mark" and "cannot sue or be sued." (*See* Doc. 9 at p. 3). The undersigned takes judicial notice of the fact that Farmers Insurance Group is a service mark registered with the United States Patent and Trademark Office with Serial No. 74384122 and Registration No. 1821674. (*See* Doc. 24-1). A service mark is "any word, name, symbol, or device or any combination thereof (1) used by

a person, or (2) which a person has a bona fide intention to use in commerce … to identify and distinguish the services of one person … from the services of others." 15 U.S.C. § 1127. It therefore must be concluded that Farmers Insurance Group is not a legal entity subject to suit. *See* Black's Law Dictionary (12th ed. 2024) (defining a "legal entity" as "[a] body, other than a natural person, that can function legally, sue or be sued, and make decisions through agents"); *Erbe v. Billeter*, No. CIV.A. 06-113, 2006 WL 3227765, at *11 (W.D. Pa. Nov. 3, 2006) ("Since it appears that CIGNA Group Insurance is, in fact, a registered service mark, the Court finds it is not a legal entity capable of suing or being sued."); *Heslin-Kim v. CIGNA Grp. Ins.*, 377 F. Supp 2d 527, 529 n.1 (D.S.C. 2005) ("'CIGNA Group Insurance' is a service mark and not a legal entity.").

**V.     Conclusion**

For the reasons stated above, the Magistrate Judge hereby **RECOMMENDS** as follows:

- that Defendant Foremost's Partial Motion to Dismiss (Doc. 10) be granted such that Count Four is dismissed as to Foremost Insurance Company Grand Rapids, Michigan;

- that Defendant Farmers Insurance Group's Motion to Dismiss (Doc. 9) be granted such that it is dismissed entirely from this action;

- that this action proceed as to Foremost Insurance Company Grand Rapids, Michigan on Counts One through Three of the Complaint; and

- that this action be referred back to the Magistrate Judge for further proceedings.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **September 9, 2025**.  An objecting party must identify the specific portion(s) of factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection.  Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 26th day of August 2025.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**